UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
LA DOLCE VITA FINE DINING COMPANY :
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED, :

                Petitioners, :

         v. :         **ORDER**

ZHANG LAN, GRAND LAN HOLDINGS :
GROUP (BVI) LIMITED, QIAO JIANG LAN     21-CV-3071 (LAK) (KNF)
DEVELOPMENT LIMITED f/k/a SOUTH :
BEAUTY DEVELOPMENT LIMITED, and
METRO JOY INTERNATIONAL LLC, :

                Respondents. :
------------------------------------------------------------X
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

      On April 9, 2021, the petitioners filed a "Petition to Confirm Foreign Arbitral Awards, for Entry of Judgment, and for the Appointment of a Receiver to sell Attached Property." By a letter dated July 12, 2021, the petitioners: (1) assert that "this case is closely related to the attachment proceeding before Judge Carter, *La Dolce Vita Fine Dining Company et al. v. Zhang Lan et al.*, 20 Misc. 200 (ALC) ('*Metro Joy*'), in which the Court entered a May 8, 2020 Attachment Order, confirmed by Order dated July 13, 2020 entered on default (the 'Attachment Order'),"; (2) "write regarding Petitioners' pending motion, filed on April 9, 2021 and on which Zhang and Metro Joy defaulted"; and (3) "request that the Court proceed at its soonest convenience with its Recommendation and Report granting the Confirmation Motion on default." Docket Entry No. 32. By a letter dated July 15, 2021, the respondents assert that: (a) "none of the Respondents has been validly served in this action" and service by mail "is not authorized by the Hague Service Convention (or New York state or federal law) and has not been

1

authorized by this Court"; and (b) "Respondents are willing to confer with Petitioners regarding consent to service and a stipulated briefing schedule, but Petitioners have shown no interest in such discussions." Docket Entry No. 34.  In reply, the petitioners assert: (i) "Petitioners commenced this action in the miscellaneous part (No. 20-mc-00200) on April 28, 2020, and on May 8, 2021 Judge Carter issued the Attachment Order (Misc. ECF 30)";  (ii) "Zhang defaulted on the motion [to confirm the Attachment Order]  and on July 13, 2020, the Court entered an Order (Misc. ECF 40) confirming the Attachment Order"; and (iii) "[t]he method of service authorized in the Attachment Order is the law of the case in this intertwined action."

The petitioners failed to make citation to any legal authority in support of their "request that the Court proceed at its soonest convenience with its Recommendation and Report granting the Confirmation Motion on default."  As of the date of this order, no entry of default appears on the docket sheet maintained by the Clerk of Court for this action.  The petitioners do not identify any language in the May 8, 2021 Attachment Order issued by Judge Carter in the miscellaneous part, while the arbitration proceedings that resulted in the awards subject to the instant petition were still pending, stating that "[t]he method of service authorized in the Attachment Order is the law of the case in this intertwined action."

To the extent that the petitioners' request for relief is capable of  comprehension and seeks the Court's prioritization of this action over others when managing its docket, it is rejected as baseless; thus, Docket Entry No. 32 is denied. On or before July 21, 2021, the parties shall; (1) meet and confer "regarding consent to service and a stipulated briefing schedule," as

2

suggested by the respondents; and (2) file a joint status letter no longer than one page.

Dated: New York, New York                   SO ORDERED:
       July 16, 2021

*Kevin Nathaniel Fox*
KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE