UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LA DOLCE VITA FINE DINING COMPANY
LIMITED and LA DOLCE VITA FINE DINING
GROUP HOLDINGS LIMITED,

Civil Action No. 21-3071 (LAK-JW)

                        Petitioners,

- against -

JUDGMENT

ZHANG LAN, GRAND LAN HOLDINGS GROUP
(BVI) LIMITED, QIAO JIANG LAN
DEVELOPMENT LIMITED f/k/a SOUTH BEAUTY
DEVELOPMENT LIMITED, and METRO JOY
INTERNATIONAL LLC,

                        Respondents.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-3-2023
```

---

WHEREAS:

    a.    Petitioners La Dolce Vita Fine Dining Company Limited and La Dolce Vita Fine Dining Group Holdings Limited (collectively, "Petitioners") filed a petition in a related attachment proceeding before this Court, *La Dolce Vita Fine Dining Company et al. v. Zhang Lan et al.*, 20 Misc. 200 (ALC) ("*Metro Joy*" or the "Metro Joy Proceeding"), under New York CPLR § 7502(c) and applicable provisions of Article 62, as incorporated in Fed. R. Civ. P. 64 (the "Attachment Petition," *Metro Joy* ECF No. 15), for an *ex parte* order of attachment as against respondents Zhang Lan ("Zhang"), Grand Lan Holdings Group (BVI) Limited ("Grand Lan Holdings"), Qiao Jiang Lan Development Limited f/k/a South Beauty Development Limited ("Qiao Jiang Lan") and Metro Joy International LLC ("Metro Joy") (collectively, "Respondents") and in aid of two related arbitrations then pending before the China International Economic and Trade Arbitration Commission ("CIETAC") in Beijing entitled, respectively, *La Dolce Vita Fine Dining Company Limited v. Zhang Lan, Grand Lan Holdings Group (BVI)*

*Limited and Qiao Jiang Lan Development Limited f/k/a South Beauty Development Limited*, Case No. S20150473, and *La Dolce Vita Fine Dining Group Holdings Limited v. Zhang Lan and Grand Lan Holdings Group (BVI) Limited*, Case No. S20150474 (the "Arbitrations").

  b. In the Arbitrations, Petitioners, in April 2019, obtained two arbitration awards against Zhang, Grand Lan Holdings and Qiao Jiang Lan, jointly and severally, in the combined amount of $142,463,666.28, plus interest (the "Arbitral Awards").

  c. By separate but substantively identical decisions dated, respectively, December 29 and December 31, 2020 and issued in early February 2021, the Second China International Commercial Court ("CICC") affirmed the Arbitral Awards on appeal, dismissing the application by Zhang, Grand Lan Holdings and Qiao Jiang Lan to set aside the Awards. The CICC's decisions upholding the Arbitral Awards are final and not subject to appeal.

  d. By *ex parte* Order of Attachment entered on May 8, 2020 in the Metro Joy Proceeding (*Metro Joy* ECF No. 30, the "Attachment Order"), the court granted the Attachment Petition, attaching a condominium apartment at 20 West 53rd Street, Apartment 39A, New York, New York 10019 (the "Apartment"). In accordance with the Attachment Order, Petitioners thereafter posted a $150,000 bond with the Court as security.

  e. By Order dated July 13, 2020 (*Metro Joy*, ECF No. 40), the court in the Metro Joy Proceeding confirmed the Attachment Order.

  f. In November 2020, Deutsche Bank Trust Company Americas ("Deutsche Bank") commenced a proceeding in the Supreme Court of New York, County of New York, No. 850187/2020, to foreclose on a mortgage secured by the Apartment (the "Foreclosure Action").

  g. On April 9, 2021, Petitioners commenced this action by Petition (the "Petition") seeking, among other things, to confirm the Arbitral Awards under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"),

recognized in the Federal Arbitration Act at 9 U.S.C. §§ 201-208; and (ii) the entry of a judgment against Zhang in an amount equal to and capped by the proceeds from a sale of the Apartment, net of transaction costs, taxes and the sum of all liens on the Apartment filed by creditors of Metro Joy, including that of Deutsche Bank (the "Surplus Sale Proceeds").

    h.    On March 15, 2022, the court in the Metro Joy Proceeding entered an amended attachment order permitting Deutsche Bank to proceed with an auction sale of the Apartment in the Foreclosure Action and attaching any Surplus Sale Proceeds (the "Amended Attachment Order," *Metro Joy* ECF No. 67).

    i.    On April 20, 2022, the court in the Foreclosure Action entered an Amended Judgment of Foreclosure and Sale that, among other things, directs a Referee to conduct a public auction of the Apartment and distribute the sale proceeds of the sale (the "Foreclosure Judgment").

    j.    A public auction of the Apartment has been scheduled for April 5, 2023, while Petitioners, as authorized by the Court in Deutsche Bank's foreclosure action, have retained a broker who is seeking to sell the Apartment privately.

    k.    On April 20, 2022, Magistrate Judge Willis issued a Report & Recommendation (the "R&R," ECF No. 45) recommending that the Petition be granted.

    l.    Zhang filed an Objection to the R&R on May 4, 2022 (ECF Nos. 46-47-2), and Petitioners filed an opposition to the Objection on May 16, 2022 (ECF Nos. 48, 49).

    m.    By Memorandum Opinion dated February 10, 2023 (ECF No. 51), this Court overruled Zhang's Objection and granted the Petition, finding that Zhang has an interest in the Apartment sufficient to support the Court's *quasi-in-rem* jurisdiction to grant the relief requested in the Petition and confirming the Arbitral Awards under the New York Convention.

    NOW, THEREFORE, it is hereby adjudged as follows:

1. The Arbitral Awards are hereby confirmed under the New York Convention.

2. Petitioners shall have the right under this Judgment to execute on all Surplus Sale Proceeds from the sale of the Apartment, whether the sale is done privately or at the public auction scheduled for April 5, 2023. All Surplus Sale Proceeds shall accordingly be paid to Petitioners in accordance with the procedures set forth in the Foreclosure Judgment, or any amendment thereto, for the Referee's distribution of all proceeds from the sale of the Apartment.

3. If and when they have received any Surplus Sale Proceeds, Petitioners shall promptly file a satisfaction of judgment with the Court that will bar further efforts to enforce this Judgment. Neither this Judgment nor the satisfaction of this Judgment shall have any effect on or in any way preclude Petitioners' efforts to enforce the unpaid amount of the Arbitral Awards by instituting or continuing any other enforcement proceeding in this Court or any other court.

4. Upon being presented with a satisfaction of judgment required under paragraph 3 of this Judgment, the Clerk of the Court shall return to Petitioners the $150,000 bond posted as security for the Attachment Order by delivering to Petitioners' counsel of record, Katsky Korins LLP, a check in that amount payable to Katsky Korins LLP or by wiring the funds in accordance with wire instructions provided by Katsky Korins LLP.

5. The Court shall retain jurisdiction over this action to resolve all disputes, if any, that arise from or relate to this Judgment.

SO ADJUDGED:                          Dated: ~~February~~ March _3_, 2023

/s/ Lewis A. Kaplan
Hon. Lewis A. Kaplan
United States District Judge

4